## No. 2548

### Second Circuit

---

### STOVALL v. WYATT LUMBER COMPANY

---

(April 10, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the district judge on a question of fact will not be disturbed by the Court of Appeal unless manifestly erroneous.
    Moore vs. L. & A. Ry. Co., 3 La. App. 731.

2. **Louisiana Digest—Appeal—Par. 495, 588.**

An amendment of the judgment of the trial court must be prayed for by answer to the appeal, otherwise it will not be noticed by the Court of Appeal.
    Lynn vs. Lowenthal, 19 La. Ann. 527.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. H. A. Burgess, Judge.

Action by Oscar Stovall against Wyatt Lumber Company for compensation under the Workmen's Compensation Act No. 20 of 1914.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

F. M. Wood, of Leesville, attorney for plaintiff, appellant.

Ponder & Ponder, of Many, attorneys for defendant, appellee.

### STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sues for damages under the Workmen's Compensation Law for the loss of an eye. Defendant pleaded the prescription of one year and also denied liability on the ground that the loss of plaintiff's eye was owing to disease or an inherited defect and not from any injury received by him in the course of his employment by defendant.

The plea of prescription was overruled by the district court. The case went to trial on these issues and there was judgment rejecting plaintiff's demand and he appeals.

### OPINION

Defendant did not appeal from the judgment overruling its plea of prescription nor did it answer plaintiff's appeal and ask that its plea of prescription be sustained. Hence the ruling of the lower court on the plea of prescription is not before us for review.

Lynn vs. Lowenthal, 19 La. Ann. 527.

Counsel for both plaintiff and defendant contend in brief that the only question in the case is one of fact, namely, whether the plaintiff lost his eye from an injury received in the performance of services

arising out of an incidental to his employment by defendant.

There were three witnesses who testified in the case. The plaintiff, Oscar Stovall, Dr. J. E. Johnson and Dr. Simonton.

Plaintiff testified that he had had no trouble with his eye previous to the accident complained of, but his statement is in conflict with the history of his case that he gave Dr. Johnson.

Dr. Johnson testified, pages 8, 9, 10:

"Q. Was there any more injury to the eye than just soreness and inflammation?

"A. An old injury in black part; the pupil of the eye was very near closed with a film; looked like it had been there for years.

"Q. You saw an old injury?

"A. That's what I figured it was.

"Q. Describe the injury?

"A. There was a film formed over the pupil of the eye; I couldn't say what caused the injury. There was a little inflammation on the outside of the eye, but not deep in the eye.

"Q. What do you mean by a film over the eye?

"A. A formation that grows on the pupil of the eye.

"Q. Does that film take place gradually through the lapse of time, or ——

"A. Takes time.

"Q. It is a growth?

"A. Yes, sir.

"Q. Was it possible for this to have grown between the 20th of June, the time when his eye got hurt, and the time when you made the examination?

"A. No, sir.

\* \* \* \*

"Q. How come him to be taken off compensation, doctor?

"A. He came in and said his eye was all right, and he was ready to go to work.

"Q. Did you examine his eye at this time?

"A. Yes; the redness and inflammation were gone, but still evidence of an old injury there."

Dr. Simonton, a distinguished physician and surgeon of Shreveport, who specializes in the treatment of diseases of the eye, ear, nose and throat, testified, pages 12, 13:

"Q. When you first examined his eye, doctor, what did you find about the eye?

"A. On the first examination, July 24, 1923, I treated it—right eye, 20-20, which is normal, left eye fingers four feet. The patient came in and said he had very poor vision in his left eye for practically all his life; he could count fingers at four or five feet. Says in June, 1923, some sawdust and shaving flew in his left eye; no record of splinter or steel or anything else. Examination of left eye shows that left eye was smaller than right eye. That indicates that the left eye is undergoing degenerative changes. That the iris of the left eye is paler than the iris of the right eye. That indicates that he has an old diseased eye. On further examination we found that he had acute inflammation of the white part of the eye. At this time there was no action going on in the inside of the eye; if there had, there would have been redness in the colored part of the eye. He didn't have this. My examination shows that it was on the outside. We know that this is an old condition just by looking at it. He came again on August 20, 1923, and at that time he had no inflammation in his eye at all, except probably what he called a growth that has no connection with the case whatever. If my memory is correct, at that time he came I treated his eye and he had no inflammation at that time. That the injury he sustained, in my opinion, the sawdust in his eye, has no connection with it at all. It would be impossible for the injury he sustained to have caused an acute flareup of the old trouble or disease, for the reason that there was no abrasion of the cornea at that time nor any other part of the eye, an opening in the eye.

\* \* \* \*

"Q. Was there any evidence in the eye that a splinter had stuck in it?

"A. There was not.

"Q. Then you say that this inside injury which caused partial blindness was brought about by an old condition, an old injury—that correct?

"A. By old disease or old injury.

"Q. Was it possible for this to have been caused by the inflammation that was in the eye when he visited you?

"A. No, sir.

"Q. I believe you stated that there is no connection between the swelling or inflammation caused by the sawdust and the old injury he had.

"A. No, sir, none."

From all the evidence in the case we are convinced that plaintiff has failed to show that the injury complained of was received by him while performing services arising out of or incidental to his employment by the defendant, or that such employment caused or contributed in the slightest degree to the loss of the sight of his eye.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.